## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. Akhilesh Ramachandran<br>        Plaintiff, | ) ) ) | |
| -vs- | ) ) | **Civil Case No.:** |
| 1. Michael Chertoff, Secretary; | ) | **USCIS No.: A# 94 866 308** |
| 2. Jonathan Scharfen, Acting Director | ) | |
| U.S. Citizenship & Immigration Services | ) | |
| 3. Lisa Kehl, District Director; | ) | **Complaint for Mandamus** |
| 4. Department of Homeland Security; | ) | |
| 5. Robert Mueller, Director of the | ) | |
| Federal Bureau of Investigations; | ) | |
|         Defendants. | ) | |

Comes Now the Plaintiff, Akhilesh Ramachandran, by and through his attorney, Timothy Lee Cook, and brings this action to compel the Defendants to complete unreasonably delayed routine national security checks and to adjudicate Plaintiff's pending Application for Lawful Permanent Resident Status (Form I-485), which has been on file with the Oklahoma City Sub-Office of the U.S. Citizenship & Immigration Services since November 15, 2006.  The Defendants have improperly withheld action on said application to the Plaintiff's detriment.

### Parties

1.  The Plaintiff, Akhilesh Ramachandran, is a citizen of India, lawfully admitted as a F-1 visa holder on August 17, 1999. *(Exhibit 1)*  On or about January 6, 2005, the Plaintiff then changed status to that of an H-1B visa holder.  *(Exhibit 2)*  The Plaintiff is currently legally present in the United States as an H-1B visa holder. *(Exhibit 3)*  He is the beneficiary of an approved Petition for Alien Worker. *(Exhibit 4)* The Plaintiff Akhilesh Ramachandran is eligible to adjust status to that of legal permanent resident pending the

adjudication of his Application for Lawful Permanent Resident Status (Form I-485). He resides in Stillwater, Payne County, State of Oklahoma within the jurisdiction of this Court.

2. The Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS), and as such is charged by statute with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens. He is sued in his official capacity only.

3. The Defendant Jonathan Scharfen is the Acting Director of the U.S. Citizenship and Immigration Services (USCIS) an agency of the United States Department of Homeland Security and is charged with administering and enforcing the laws related to immigration and nationality pursuant to a delegation of authority from the Secretary of the U.S. Department of Homeland Security. He is sued in his official capacity only.

4. The Defendant Lisa Kehl is the District Director of the Dallas District of the USCIS who is charged by law with the obligation of adjudicating applications for permanent residence, such as filed by the Plaintiff. She is sued in her official capacity only.

5. The Defendant Robert Mueller is the Director of the Federal Bureau of Investigation (FBI) the agency charged with the duty to complete routine national security checks required for the adjudication of all Application for Lawful Permanent Resident Status (Form I-485) the cause of the unreasonable delay in this matter.

**Jurisdiction**

6. This is a civil action brought pursuant to 28 U.S.C. §§ 1331, 1361 to redress the deprivation of rights, privileges and immunities secured to the plaintiff, by which

jurisdiction is conferred, to compel the Defendants and those working under them to
perform duties owed to the Plaintiff.

7.  Jurisdiction is also conferred by 5 U.S.C. § 704.  The Plaintiff is aggrieved by adverse
agency action in this case, as the Administrative Procedures Act requires in order to
confer jurisdiction to the District Courts. 5 U.S.C. § 702 et seq.

8.  The aid of the Court is invoked under 28 U.S.C. §§ 2201, 2202, authorizing
declaratory judgment.

9.  Jurisdiction is not barred by the Real ID Act, which bars jurisdiction over certain
discretionary actions and decisions, as there has been no action or decision by the USCIS,
the basis for this action.

10.  Costs and attorney fees will be sought pursuant to the Equal Access to Justice Act, 5
U.S.C. § 504 and 28 U.S.C. § 2412(d) et seq.

<div align="center">Venue</div>

11.  Venue is proper in the Western District of Oklahoma because the Plaintiff resides in
Stillwater, Payne County, State of Oklahoma within the jurisdiction of this Court.  In
addition, the Plaintiff's application was filed and is pending at the Oklahoma City Sub-
Office of the U.S. Citizenship & Immigration Services located in Oklahoma City,
Oklahoma County, State of Oklahoma.

<div align="center">Cause of Action</div>

12.  On November 15, 2006, the Plaintiff submitted his application for adjustment of
status to the USCIS. *(Exhibit 5)*

13.  Defendant Kehl has acknowledged that the Plaintiff's application (Form I-485) is
filed and pending with her office. *(Exhibit 5)*

14.  On December 12, 2006, the Plaintiff appeared in person and his fingerprints were taken and sent to the FBI.  *(Exhibit 6)*

15.  The Plaintiff's application for adjustment of status has now been pending for over eighteen (18) months.  The normal processing time for this type of application at the Oklahoma City Sub-Office is approximately nine (9) months.  Currently the Oklahoma City Sub-Office is currently processing applications for adjustment of status with a filing date of July 19, 2007.  *(Exhibit 7)*

16.  The Plaintiff has made inquiries as to the status of his applications.  *(Exhibits 8, 9, 10 &11)*

17.  On February 19, 2008 and again on April 21, 2008, the Defendants indicated that the Plaintiff's application for adjustment of status could not be adjudicated until the completion of the standard background clearances. *(Exhibits 8 & 12)*

18.  The Plaintiff has never received his permanent resident card and his case is still pending because of the Defendant's failure to complete routine national security checks.

19.  In the past the USCIS had the authority and would routinely expedite a name check when federal litigation was pending.  However, on February 20, 2007, the USCIS issued a statement that it would no longer request the FBI to expedite a name check solely for the reason of pending federal litigation.  *(Exhibit 13)*

20.  The Defendants have no legal basis for failing to adjudicate the Plaintiff's application.

21.  The Defendants have failed to adjudicate the Plaintiff's application in a reasonable time and the Plaintiff has no administrative remedies because there are no administrative remedies for neglect of duty and failure to comply with agency regulations.

22.  As a result of the Defendant's failure to adjudicate the Plaintiff's application,  the application of the Plaintiff's spouse Asitha T. Vasudevan Pillai has also been delayed. *(Exhibit 14)*

23.  Furthermore, because of the Defendants' failure to adjudicate the Plaintiffs' application, the Plaintiff has been denied opportunities for advancement with his employer.  *(See Exhibits 9 & 10)*

24.  The Defendants are denying the Plaintiff the right to have a denial reviewed by this Court because of their failure to adjudicate the Plaintiff's application.

25.  Mandamus is the appropriate action because there is no other remedy at law.  The Plaintiff seeks to compel a decision to be made in terms of both mandamus and of the Administrative Procedures Act for administrative action wrongfully withheld and for failure to comply with agency regulation.

<div align="center">**Prayer for Relief**</div>

 Wherefore the Plaintiff prays that this Court:

1.  Compel the Defendants to complete the processing of routine security checks of the Plaintiff.

2.  Compel the Defendants to adjudicate, without any further delay, the Plaintiff's and his spouse's application for adjustment of status (Form I-485) and to provide to the Plaintiff evidence of permanent residence if the applications are approved.

3.  Instruct the Defendants, if the decision is adverse to the Plaintiff, that the decision includes justification and explanation to preclude the sense of retaliation as a result of having brought this action.

4.  Grant the Plaintiff a reasonable attorney's fee and costs pursuant to the equal Access to Justice Act and any further relief that may be just, lawful, and equitable in the premises.

Dated:  05/24/2008

Respectfully submitted by,

Timothy Lee Cook, OBA#18547
Law Office of Timothy L. Cook
PO Box 19512
Oklahoma City OK 73144
(405) 682-2745
Attorney for Plaintiff

## Verification

STATE OF OKLAHOMA   )
           ) ss.
COUNTY OF OKLAHOMA  )

Akhilesh Ramachandran, of lawful age, being first duly sworn upon oath, states that:
He has read the within and foregoing document, knows the contents thereof, and the
matters and things therein stated are true and correct to the best of his knowledge and
belief.

_____
Akhilesh Ramachandran

SUBSCRIBED AND SWORN to before me this 24 day of May, 2008

_____
Notary Public

My commission expires: 04/05/2009

My Commission No.: 05003310